IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00300-WDM-OES

SHAWN RIVERA,

Plaintiff,

v.

LT. FRANK NELSON,
C.O. GARRY PITMAN,

Defendants.

_____

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

**Entered by O. Edward Schlatter, United States Magistrate Judge**

Plaintiff has filed a Motion To Amend his Complaint. Defendants have submitted their response, and this matter is ripe for determination. Pursuant to the Order Of Reference To Magistrate Judge, filed on April 15, 2005, and under 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), this matter is before me for resolution.

Plaintiff is a state prisoner, in the custody of the Colorado Department of Corrections. On February 17, 2005, he filed a *pro se* Prisoner Complaint, pursuant to 42 U.S.C. § 1983, designating four claims which alleged that the then named nine defendants had violated his rights under the United States Constitution in various ways.

By Order, entered on March 31, 2005, all but two claims were dismissed on initial review pursuant to 28 U.S.C. § 1915A. The remaining claims alleged an Eighth Amendment excessive force claim against defendant Nelson and a Fourteenth Amendment property claim against defendant Pittman.

Plaintiff seeks to amend his Complaint, in essence to revive most of the claims which were dismissed on initial review. Defendants have objected to the proposed amendments, arguing that the allegations of the proposed amendments do not overcome the court's previous dismissal of the same or similar claims on March 31, 2005.

FED. R. CIV. P. 15(a) requires that leave to amend shall be freely given when justice so requires. A motion to amend falls within the trial court's discretion. T.V. Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir.), cert. denied, 113 S.Ct. 601 (1992). While it is within the court's discretion to require substantiation of the proposed amended complaint in order to ensure that the motive is not simply to harass the defendant, Foman v. Davis, 371 U.S. 178 (1962), amendments are generally allowed except where well-defined exceptions apply. The most notable exceptions are considered when the proposed amendment would work prejudice on the opposing party or would be futile as susceptible to a motion to dismiss.

Based upon a review of the plaintiff's motion, and the Amended Complaint tendered to the court on May 2, 2005, I cannot find that the amendments would be prejudicial to either defendant Nelson or Pittman or that they are clearly futile. However, in the tendered Amended Complaint, plaintiff indicates he "incorporates by reference

herein all other sections of his previously filed Prisoner's Complaint." There can be only one operative Complaint in a lawsuit, and the court will not piece together claims for the plaintiff from two separate documents nor expect the defendants to make reference to more than one pleading in answering and preparing a defense to the claims. Additionally, issues of previous lawsuits and exhaustion of administrative relief must be fully addressed in a single operative pleading, not piece-meal between different versions of the document. Accordingly, the Plaintiff's First Amended Complaint tendered to the court on May 2, 2005, will not be accepted for filing, and plaintiff shall submit his Amended Complaint as directed below.

Accordingly, it is hereby **ORDERED** as follows:

1. The plaintiff's Motion To Amend Complaint [Filed May 2, 2005; Docket #20] is **GRANTED**, however

    a. The document entitled "Plaintiff's First Amended Complaint" which was tendered to the court on May 2, 2005, is not accepted for filing.

    b. The office of the Clerk shall provide the plaintiff with the standard forms necessary for the filing of a Prisoner Complaint in this regard, which the plaintiff shall use in the filing of his Amended Complaint.

    c.       Plaintiff shall file, **within twenty (20) days from the date of this Order**, an original and a copy of an Amended Complaint which fully sets forth all the claims and defendants he seeks to prosecute in this lawsuit as allowed under his Motion To Amend. Defendants or claims outside of the scope of this motion contained in an Amended Complaint will be summarily dismissed.

Dated at Denver, Colorado, this 14th day of July, 2005.

                        BY THE COURT:

                        s/ O. Edward Schlatter
                        _____
                        O. Edward Schlatter
                        United States Magistrate Judge