IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00300-WDM-OES

SHAWN RIVERA,

    Plaintiff,

vs.

LT. FRANK NELSON,
GARRY PITTMAN,
LT. PERFECTO HIJAR,
LT. REYES MARTINEZ,
CM RICHARD MEDINA,
CM DIANA SHAUFLER,
CM WILLIAM SCRUGGS, and
TOM LOPEZ,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
FOR DISMISSAL OF ACTION

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter is before the Court on the State Defendants' Motion to Dismiss and State Defendant Nelson's Motion for Summary Judgment. This case has been referred under the Order of Reference to Magistrate Judge, filed on April 15, 2005, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and Fed.R.Civ.P. 72(a) and (b), for recommendation on these motions. The matters are fully briefed, and oral argument would not materially assist the Court in adjudicating these motions. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted** and that the Motion for Summary Judgment be **denied** as moot, resulting in the case being dismissed in its entirety.

All parties are advised that they shall have ten (10) days after service hereof to serve and file

any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Under his Second Amended Complaint, filed on July 29, 2005, Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. As his first claim, the Plaintiff alleges that on February 12, 2003, he was subjected to excessive force in the Arkansas Valley Correctional Facility by Defendant Lt. Frank Nelson. Specifically, Plaintiff alleges that Defendant Nelson assaulted him by hitting him in the face twice with a pair of handcuffs, splitting open his lip and his chin. Based on these allegations, the Plaintiff contends that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.

In his second claim, the Plaintiff alleges that Defendants Lt. Perfecto Hyar, Lt. Reyes Martinez, and CM Richard Medina acted as board members at a disciplinary hearing held on charges

arising out of the incident involving Defendant Nelson against the Plaintiff for assault, inciting to riot, and disobeying a lawful order under the Code of Penal Discipline ("COPD"). He contends that these Defendants violated his due process rights under the Fourteenth Amendment by failing to advise him of his right to remain silent, by not allowing him to present witnesses, question witnesses and cross-examine witnesses in his defense, and by withholding witness testimony. Plaintiff claims a right to be found guilty by a majority of all board members, and that he was only found guilty by one. He also alleges that Defendant Tom Lopez violated his due process rights by denying his appeal from the disciplinary conviction.

As his third claim, the Plaintiff alleges that Defendants CM Diana Shaufler, CM Gerald Scruggs, and CM Richard Medina, who served as board members during an administrative segregation hearing which resulted from his disciplinary conviction, violated his Fourteenth Amendment due process rights by not allowing him to defend himself against accusations pertinent to the incident involving Defendant Nelson, and also apparently by placing him in administrative segregation for 41 days before he received a hearing on his classification and placement. He further alleges that Defendant Lopez violated his due process rights by denying his appeal in this regard. Finally, the Plaintiff contends that Defendant Garry Pittman destroyed his property without due process because the property was destroyed based on Plaintiff's lack of sufficient funds in his inmate account to mail the property out of prison before his placement in administrative segregation.

All Defendants have challenged the Plaintiff's claims in their Motion To Dismiss, arguing that the Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Defendants do not disagree that Plaintiff filed "a grievance concerning the alleged conduct of [Defendant] Lt. Nelson and the alleged Eighth Amendment violation," but argue

3

that he did not file a grievance concerning the due process allegations of his second claim (Docket #60). The Defendants contend that Plaintiff's grievances failed to contain the necessary information to place the officials on notice of his complaints, and therefore, presented no opportunity for prison officials to address the complaints prior to the filing of this lawsuit which is contrary to the requirements of the PLRA. Based on the total exhaustion rule recognized by the Court of Appeals for the Tenth Circuit, it is the Defendants' position that the unexhausted claim requires the entire lawsuit to be dismissed. Plaintiff argues that he exhausted the administrative remedies which were available to him when he filed the inmate appeal of his disciplinary conviction.       In his Motion for Summary Judgment, Defendant Nelson argues that he is entitled to qualified immunity against Plaintiff's Eighth Amendment claim against him. Defendant Nelson contends that the Plaintiff cannot establish a constitutional or statutory violation, because the Plaintiff cannot demonstrate that Defendant Nelson's actions were not applied in a good faith effort to maintain or restore discipline, but were instead applied maliciously and sadistically to cause harm. Plaintiff contends that there are genuine issues of material fact which exist as to Defendant Nelson's actions, which preclude entry of summary judgment.

## DISCUSSION

### I.   Defendants' Motion To Dismiss.

#### A.   Standard of Review.

Because the Defendants filed their Answer prior to the filing of their current motion, the motion is appropriately considered as a motion requesting judgment on the pleadings under Fed. R. Civ. P. 12(c). *See* Fed. R. Civ. P. 12(h)(2); *Steele v. Federal Bur. of Prisons*, 355 F.3d 1204, 1212 n.4 (10th Cir. 2003). A Rule 12(c) motion for judgment on the pleadings is treated as a motion to

dismiss under Rule 12(b)(6). *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**B.     Exhaustion of Administrative Remedies.**

The Plaintiff's Second Amended Complaint is governed by the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is a pleading requirement, rather than an affirmative defense. *See Steele*, 355 F.3d at 1210. With regard to his second and third claims, Plaintiff has attached to his Second Amended Complaint his inmate appeal forms concerning his disciplinary conviction and his administrative segregation placement, to evidence his attempts at administrative exhaustion. *See* SECOND AMENDED COMPLAINT, Docket #39. It is undisputed that the inmate appeal is the only attempt at exhaustion that the Plaintiff has made. *See* PLAINTIFF'S BRIEF IN OPPOSITION TO STATE DEFENDANTS [SIC] MOTION TO DISMISS, Docket #66. Plaintiff contends that "[d]ue process violations in disciplinary hearings and administrative segregation hearings are not grievable through the Colorado Department of Corrections grievance system." *Id*. at p. 4.    While the Plaintiff is correct in that "Code of Penal Discipline convictions, administrative segregation placements, and decisions of the Reading Committee have exclusive appeal procedures," and therefore cannot be grieved,[1] Plaintiff has filed this lawsuit and seeks redress based on allegations of his constitutional rights being violated - not as a challenge to or appeal of his disciplinary conviction. CDOC Regulation 850-04 provides that the grievance system can be invoked "in a broad range of complaints including, but not limited to: . . . , actions by employees and offenders, and incidents occurring within

---

[1] This Court may take judicial notice of court documents and matters of public record. *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *see, also, Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991). Administrative Regulations of the CDOC are a matter of public record, and can be found at www.doc.state.co.us/admin_reg/adminreg.htm.

6

the institution that affect the offender personally." *See* CDOC Administrative Regulation 850-04, § IV(B)(1)(b). Therefore, an avenue of administrative remedy was available to the Plaintiff with regard to his claims that his constitutional rights have been violated by actions or incidents involving prison officials, and he failed to use it. His failure to utilize the grievance procedure is fatal to his case. *See Webster v. Kurtz*, Civil Action No. 05-cv-01596-EWN-OES, 2006 WL 893606 (D. Colo. Mar. 31, 2006).

Further, even if the Court were to liberally construe the Plaintiff's inmate appeals as "grievances," the inmate appeals would not be sufficient to have exhausted his administrative remedies. Courts have differed on what specific information an inmate must include in a grievance to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *Smelzer v. Hook*, 235 F. Supp.2d 736 (W.D. Mich. 2002); and *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). These courts differ on the degree of specificity that they require for purposes of exhaustion. However, the Eleventh Circuit determined in *Brown* that a prisoner is not barred from bringing suit against persons whom he did not name in his administrative grievance. The court wrote:

> Instead, we conclude that while § 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process, it does not require that he do more than that.

*Id.* at 1207-08; *see also Strong*, 297 F.3d at 649 ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."); *but see Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (Section 1997e(a) requires an inmate to name in his or her grievance each individual whom the inmate intends to sue).

Research fails to reveal a Tenth Circuit ruling on this particular question. However, I am persuaded that the Tenth Circuit would follow the line of reasoning that is found in such cases as *Brown*, and that the Tenth Circuit would not bar a prisoner's lawsuit for the sole reason that the prisoner failed to specifically identify the constitutional right he alleges to have been violated or name the party against whom he is complaining. The Supreme Court has noted that a major purpose of the exhaustion requirement is to give prison administrators prompt notice of problems, so that they may be corrected internally in the first instance, and so that an administrative record may be developed prior to suit. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The purposes that are outlined by the Supreme Court in *Porter* are furthered by the principles of notice pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (nature of the claim need only be sketched).

The test provided by the Eleventh Circuit in *Brown* provides sufficient guidance to steer prisoners as well as prison administrators through the procedures of exhaustion. The court held there:

> We hold that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain, nor does it require him to inform those who will pass on his grievance of the identity of the warden or prison commissioner.

*Brown*, 212 F.3d at 1210; *see also Irvin v. Zamora*, 161 F. Supp.2d 1125, 1134 (S.D. Cal. 2001) (finding that "plaintiff's grievances did present the relevant factual circumstances giving rise to a potential claim and did request the identities of the individuals directly responsible for spraying the insecticide").

Applying these legal principles to the facts presented in this case, however, I conclude that

Plaintiff would not have sufficiently exhausted his claims against the Defendants named in this lawsuit, other than Defendant Nelson, under his inmate appeals. Plaintiff makes no attempt to even broadly identify the Defendants he seeks to hold liable in this Court, although he would have clearly been aware of who they were at the time of his inmate appeals.

Additionally, viewing the grievances filed by the Plaintiff concerning Defendant Nelson's alleged assault on him, he fails in any way to identify the individuals involved in the due process violations he claims nor does he describe the nature of the constitutional violations for which he now seeks relief against them from this Court, together with facts or allegations to tie the individuals to the violations. *See* STATE DEFENDANTS' MOTION TO DISMISS, Docket #60, attch'd Exhibits. Plaintiff failed to place the prison and/or the Defendants on notice of his claims and therefore, he cannot proceed on such claims before this Court. Plaintiff's due process claims are unexhausted.

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory" for all "inmate suits about prison life." *Porter*, 534 U.S. at 524, 532 (2002); *see also Booth v. Churner*, 532 U.S. 731 (2001). "Resort to a prison grievance process must precede resort to a court." *Porter*, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action. *Booth*, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required. *See Steele*, 355 F.3d at 1214. Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective. *Booth*, 532 U.S. at 740.

Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense and cannot be waived by a defendant. *Steele*, 355 F.3d at 1209. Plaintiff's failure to adequately plead exhaustion amounts to a failure to state a claim upon which relief can be granted. *Id*. at 1210. Here, Plaintiff admits he has not attempted to utilize the prison grievance system, and even if he was mistaken in the assumption that the grievance system could not provide him with relief or that his claims could not be presented through the system, his failure to utilize the system cannot be excused. *See Steele*, 355 F.3d at 1214.

Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). If Plaintiff should now attempt to rectify his failure to exhaust his administrative remedies by submitting grievances through the proper procedures in this regard, they would most likely be barred as untimely. The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . ." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. *Id*.

Accordingly, Plaintiff has clearly not exhausted his administrative remedies with regard to his claims of due process violation alleged in his Second Amended Complaint. Additionally, on the facts alleged, allowing the Plaintiff an opportunity to amend his pleading in this regard would be futile. In

*Ross*, as argued by the Defendants, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." *Ross,* 365 F.3d at 1190. Plaintiff has not administratively exhausted the due process claims against Defendants which he brings in this lawsuit. Accordingly, the Defendants' Motion to Dismiss should be granted and dismissal of this lawsuit, without prejudice, for failure to exhaust administrative remedies as directed by *Ross* is appropriate.

## II.     Defendant Nelson's Motion for Summary Judgment.

While the Plaintiff's failure to exhaust his administrative remedies with regard to his due process claims provides for dismissal of this entire lawsuit, Defendant Nelson has also filed a Motion for Summary Judgment with regard to the issue of qualified immunity as to Claim One of Plaintiff's Second Amended Complaint. However, a review of the Plaintiff's excessive force claim against Defendant Nelson reveals that it fails to state a claim upon which relief can be granted. While dismissal pursuant to Rule 12(b)(6) usually arises out of a motion made by a party or parties to a case, the Tenth Circuit "has held that a district court may dismiss *sua sponte* a pro se complaint for failure to state a claim." *See Whitney*, 113 F.3d at 1173. Accordingly, dismissal of the claim is warranted, and it is unnecessary to address the merits of Defendant Nelson's motion.

### A.     Plaintiff's Claim One.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), inmates cannot bring a claim pursuant to § 1983 that, if successful, would necessarily imply the invalidity of a conviction that has not been overturned, *see* 512 U.S. at 489-90, and this bar applies to prison disciplinary convictions as well. *See Edwards v. Balisok*, 520 U.S. 641 (1997). *Heck* bars the Plaintiff's § 1983 claim for excessive

force, because a successful prosecution of this claim would necessarily imply that his disciplinary conviction for assault, inciting to riot, and disobeying a lawful order was wrongful. For the Plaintiff to succeed on his § 1983 claim, the trier of fact would have to accept his version of the incident, rather than Defendant Nelson's version of the incident. Such a finding would directly undermine the conviction and the Hearing Decision which upheld the Plaintiff's disciplinary conviction. *Cf.* SECOND AMENDED COMPLAINT, Docket #39, attch'd Inmate Appeal Form.

I note that in applying *Heck* and *Edwards* to excessive force claims, there are courts which have reached a different conclusion.[2] In *Nelson v. Jashurek*, 109 F.3d 142 (3rd Cir. 1997), the court held that *Heck* did not bar an excessive force claim by a plaintiff who had previously been convicted for resisting arrest. The court found that the conviction established that the arresting officer was justified in using "substantial force," but said that justification of the substantial force "[did] not mean that the [arresting officer] was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively reasonable." *Id*. at 145. Therefore, the court opined, the excessive force claim did not necessarily imply the invalidity of the conviction. *See also Simpson v. City of Pickens*, 887 F. Supp. 126, 129 (S.D. Miss. 1995) (holding that *Heck* did not bar a plaintiff's § 1983 excessive force claim because it is possible for a finding that a plaintiff can be committing a crime to coexist with a finding that the police used excessive force to subdue him).

However, these cases are distinguishable because the Plaintiff's allegations in his § 1983 claim go to the heart of his disciplinary conviction. Plaintiff alleges that without any provocation by him,

---

[2]In *Reed v. Smith*, 192 F.3d 933 (Table), 1999 WL 345492 (10th Cir. June 1, 1999), the Tenth Circuit discussed the split in authority on this issue but determined that it did not need to decide the issue because there were alternative grounds for dismissal of the excessive force claim.

Defendant Nelson initiated a confrontation and then punched him twice, with handcuffs. *See* SECOND AMENDED COMPLAINT, Docket #39, p. 8. Plaintiff contends that he responded only in self-defense. *Id*. Issues of credibility and the weight to be given to the evidence presented in Plaintiff's claim before this Court would be identical to those already determined in the disciplinary proceedings against the Plaintiff, which resulted in his disciplinary conviction and which were affirmed on appeal. In particular, a finding by a trier of fact in this Court that the Plaintiff was acting in self-defense could negate elements upon which his disciplinary conviction for assault are based. Thus, for the Plaintiff to establish the factual basis of his § 1983 claim, he necessarily would have to demonstrate the invalidity of his disciplinary conviction. *See Heck*, 512 U.S. at 480; *see also Hudson v. Hughes*, 98 F.3d 868 873 (5th Cir. 1996) (holding that *Heck* barred a § 1983 plaintiff's claim for excessive force because a finding that the plaintiff's resistance was justified would necessarily undermine the basis of plaintiff's conviction for resisting arrest); *Wooten v. Law*, 118 F.3d Appx. 66, 68-69 (7th Cir. 2004) (same).

Because the Plaintiff's Eighth Amendment violation claim for damages in this case calls into question the factual basis of his disciplinary conviction, which has not been reversed, expunged, or otherwise invalidated, the claim is barred. Accordingly, the claim must be dismissed.

### B.     Possibility of Amendment.

Plaintiff may argue that he should be allowed time and opportunity to amend Claim One, in an attempt to remove it from the scope of *Heck*. While leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), refusing leave to amend is justified if amendment would cause undue delay or undue prejudice to the opposing party, be offered in bad faith or under a dilatory motive, fail to cure deficiencies by amendments previously allowed, or be futile. *Frank v.*

*U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Further, courts may deny leave if the movant "'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984) (citations omitted)).

Based on the record before the Court, granting leave to the Plaintiff to amend his Second Amended Complaint in this manner would be untimely, that Plaintiff did not diligently pursue the basis of such amendments, and that the facts behind such amendments would have been known to the Plaintiff at the initiation of this action. Additionally, following the filing of a dispositive motion which challenges a plaintiff's allegations, the Court must be cautious in considering additional facts or legal theories especially when a plaintiff is on notice that the allegations in the complaint were in some way deficient. *See generally Hayes v. Whitman*, 264 F.3d 1017, 1025-26 (10th Cir. 2001). Finally, Plaintiff has proceeded in this Court consistently on one set of facts and theory of liability, *i.e.*, that he did nothing. He has argued that Defendant Nelson instigated the confrontation, and he only reacted in self-defense, instead of any other facts or theories of which the Plaintiff would have known, amounting to a choice made by the Plaintiff, not excusable neglect. Therefore, allowing the Plaintiff yet another opportunity to amend his pleadings would not be justified.

## CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** as follows:

1. The State Defendants' Motion to Dismiss [Filed December 1, 2005; Docket #60] be **granted**, and this action be dismissed in its entirety without prejudice based upon Plaintiff's failure to exhaust his administrative remedies.

2.  State Defendant Nelson's Motion for Summary Judgment [Filed December 1, 2005; Docket #61] be **denied** as moot, based upon a complete dismissal of this action for Plaintiff's failure to exhaust his administrative remedies or because Plaintiff's Claim One fails to state a claim upon which relief can be granted.

Dated at Denver, Colorado, this 19th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge