IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00300-WDM-MEH

SHAWN RIVERA,

    Plaintiff,

v.

LT. FRANK NELSON, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on the recommendation of Magistrate Judge Michael E. Hegarty, issued April 19, 2006, that the defendants' motion to dismiss, filed December 1, 2005, be granted, and that defendant Frank Nelson's (Nelson) motion for summary judgment be denied as moot.  Plaintiff Shawn Rivera (Rivera) filed a timely objection to the recommendation and is entitled to de novo review on those issues he specifically objects to.  28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  Having reviewed the pertinent portions of the record in this case, including the motions, recommendation, and objection, I will accept the recommendation, as discussed below.

    Magistrate Judge Hegarty found that the motion to dismiss should be granted and Rivera's case should be dismissed in its entirety due to his failure to administratively exhaust all of his claims.  *See Ross v. County of Bernalillo*, 365 F.3d

1181 (10th Cir. 2004).  Specifically, Magistrate Judge Hegarty found that Rivera's administrative grievances failed to put any of the defendants, other than Nelson, on notice that Rivera had grievances against them, and further failed to raise the due process issues that are now the basis for the second and third claims in this action.

In his objections to the recommendation, Rivera makes two arguments: (1) he was not able to grieve his due process complaints because they related to disciplinary hearings and administrative segregation hearings, and the Colorado Department of Corrections (CDOC) has established an exclusive appeals process for these types of hearings; or alternatively (2) he did raise the due process violations in his administrative grievances.

Regarding Rivera's first argument, I agree with Magistrate Judge Hegarty that Rivera could have raised his due process issues in the prison's administrative grievance process.  CDOC grievance procedures merely prevented Rivera from challenging the *conviction* that resulted from the disciplinary hearing and the *placement* that resulted from the administrative segregation hearing.  He was still free to raise due process issues in his administrative grievance.  *See* Colo. Dep't of Corrections, Administrative Regulation, 850-04 ¶ IV.B.1.b (2005), *available at* http://www.doc.state.co.us/admin_reg/PDFs/0850_04.pdf ("Each offender shall be entitle to invoke this grievance procedure in a broad range of complaints . . . .").  Had Rivera done so, the prison would have had a fair opportunity to take at least some form of action in response to Rivera's complaints, such as a change in policy or disciplinary action against employees who

might have violated existing policies.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.") (citing *Booth v. Churner*, 532 U.S. 731 (2001)); *Porter v. Nussle,* 534 U.S. 516, 525 (2002) ("In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.").

Indeed, although he did not label them due process violations at the time, Rivera complained in his administrative grievances that he was unable to question witnesses or generally defend against the charges at the COPD hearing.  This brings me to Rivera's second argument — that he indeed did raise his due process complaints in his administrative grievances.  Again, I agree with Magistrate Judge Hegarty that Rivera failed to totally exhaust his claims.  In addition to the due process issues he mentioned in his grievances, Rivera's complaint in this lawsuit alleges many more violations[1] and names additional defendants who were not the subject of his administrative grievances.[2]  Therefore, under the Tenth Circuit's total exhaustion rule, this entire

---

[1] For example, Claim Two from Rivera's Second Amended Complaint raises new allegations that his due process rights were violated because he was not advised of his right to remain silent at the COPD hearing, (Second Amended Complaint, July 29, 2005, at 5-6, ¶¶ 10 & 11.), and because he had a right to be found guilty by a majority of the review board, instead of by just one member of the board.  *Id.* at ¶¶ 29-32.  In addition, Claim three asserts various due process violations relating to his administrative segregation hearing.

[2] Although Rivera's administrative grievances never raised due process issues regarding his administrative segregation hearing, he nonetheless includes as defendants CDOC employees who were only involved in that hearing.  In his

3

action must be dismissed without prejudice.  *Ross*, 365 F.3d at 1181.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Hegarty on April 19, 2006 (Docket No. 93), is accepted as discussed above.

2. Defendants' motion to dismiss, filed December 1, 2005 (Docket No. 60), is granted.

3. This action is dismissed without prejudice.

4. Defendant Frank Nelson's motion for summary judgment, filed December 1, 2005 (Docket No. 61), is denied as moot.

DATED at Denver, Colorado, on July 13, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

objections, Rivera argues that during his administrative grievances, he threatened to sue "every officer(s) from the assault, COPD and Ad-SEG hearings, and the grievance process." (Step 2 Grievance Form, November 4, 2003, Docket No. 60, Ex. 1.) However, this isolated and conclusory threat fails to give the prison reasonable notice of what Rivera's issues with the administrative segregation hearing were and who he felt was responsible.