IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 05-cv-00300-WDM-KMT

SHAWN RIVERA,

    Plaintiff,

v.

LT. FRANK NELSON,
LT. PERFECTO HIJAR,
LT. REYES MARTINEZ,
CM RICHARD MEDINA,
CM DIANA SHAUFLER,
CM WILLIAM SCRUGGS,
TOM LOPEZ, and
CO GARRY PITTMAN,
all defendants in their individual and official capacities

    Defendants.
_____

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya, Magistrate Judge**

    This matter comes before the court *sua sponte* on Plaintiff Shawn Rivera's failure to respond to the court's order to show cause and failure to prosecute this civil action. Pursuant to the Order of Reference dated April 15, 2005 [Doc. No. 17], this civil action was referred to the Magistrate Judge to hear and determine any pretrial matter which has been or will be presented in this case and to conduct hearings and to submit recommendations for consideration of the District Court any motion to award injunctive relief, to award judgment on the pleadings, to grant

summary judgment, or to dismiss the entire action involuntarily. *Id.* Included in the reference is the ability of the Magistrate Judge to hold discovery, scheduling, and planning conferences, pursuant to rules 16 and 26 of the Federal Rules of Civil Procedure, and issue orders in connection therewith. *Id.*

The complaint in this case was filed on February 17, 2005. The plaintiff's motion to file *in forma pauperis* was granted, and the plaintiff began submitting Prisoner Trust Fund Account Statements and payments. The case was dismissed by the District Court on July 17, 2006 [Doc. No. 105] for failure to exhaust administrative remedies and plaintiff appealed. Subsequent to the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), the Tenth Circuit reversed the dismissal and the case was reinstated. [Doc. No. 121, filed June 4, 2007]. In January 2008, the remanded case was reassigned to Magistrate Judge Tafoya, whereupon a Minute Order was issued setting a status conference for February 13, 2008. [Doc. No. 123, filed January 17, 2008]. Both orders were mailed to Shawn Rivera, #97722, Colorado State Penitentiary, P. O. Box 777, Canon City, CO 81215-0777. Both the court's order reassigning the Magistrate Judge and the Minute Order setting the status conference were returned as undeliverable. [Doc. Nos. 124 and 125]. Further, on February 1, 2008 the Court of Appeals advised that no monthly appeal payments had been made by the plaintiff since March 2007. By Minute Order this court vacated the status conference, and that Order, also, was returned as undeliverable. [Doc. No. 128]. No Trust Fund Account Statements and no payments have been received by the U.S. District Court since the case was remanded in June, 2007. No contact or communications have been received by the court from Plaintiff Rivera in well over a year.

This court issued an Order to Show Cause on June 13, 2008 [Doc. No. 129] in which it ordered the plaintiff to, on or before June 30, 2008, show cause in writing if any he has why the Complaint should not be dismissed for failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure.. Plaintiff has failed to respond to the order to show cause.

Even when a plaintiff is proceeding in a case without an attorney, each plaintiff bears the responsibility of complying with court orders and attending hearings. Since the plaintiff has failed to respond to the order to show cause, the court must consider whether a dismissal pursuant to Fed. R. Civ. P. 41 is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); (Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 576-77 & n.1 (3d ed. 2008).

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

It is therefore

**RECOMMENDED** that the Prisoner Complaint and the action be dismissed without prejudice for Plaintiff's failure to comply with the court's order.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate

review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge