IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   05-cv-00300-WDM-KMT

SHAWN RIVERA,

    Plaintiff,

v.

LT. FRANK NELSON, et al.,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kathleen M. Tafoya (Docket No. 131), filed July 10, 2008, that Plaintiff's complaint be dismissed for failure to prosecute. Plaintiff did not file an objection to the recommendation and therefore is not entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons that follow, I will accept the recommendation.

Plaintiff's complaint was filed on February 17, 2005. Plaintiff's motion to file *in forma pauperis* was granted. Although the case was dismissed on July 17, 2006 for failure to exhaust administrative remedies, it was reinstated by the Tenth Circuit following the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007). Plaintiff has stopped making payments in this court and in the Tenth Circuit and a notice regarding a status conference set by Magistrate Judge Tafoya was returned as undeliverable, as were all mailings sent thereafter. On June 13, 2008, Magistrate Judge Tafoya issued an Order to

Show Cause (Docket No. 129) in which Plaintiff was ordered to show cause why the complaint should not be dismissed for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for this court. Plaintiff did not respond to the order to show cause. Therefore, Magistrate Judge Tafoya recommends dismissing this case for failure to comply with Rule 41 and Rule 16 of the Federal Rules of Civil Procedure and with her orders.

I agree with Magistrate Judge Tafoya that this case should be dismissed for failure to prosecute pursuant to D.C.COLO.LCivR 40.1. Such dismissals are normally without prejudice. However, in circumstances where dismissal without prejudice may nonetheless mean Plaintiff cannot refile the case because of the statute of limitations, I should consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions.

The case cannot proceed on the merits without Plaintiff's participation, which causes prejudice to Defendants. I note that Plaintiff's conduct has also resulted in some interference with the judicial process as well, since Magistrate Judge Tafoya has issued orders and scheduled a conference with no response from Plaintiff. Plaintiff is entirely responsible for these circumstances, as he has simply failed to continue his participation in this litigation or to keep the court apprised of his contact information. In addition, he was warned by Magistrate Judge Tafoya in the order to show cause and in the recommendation that failure to respond could result in dismissal. Finally, I conclude that a lesser sanction

would have little if any efficacy.  For example, any sanction other than dismissal would in effect reward Plaintiff for his failure to participate.  The matter is at a standstill solely because of Plaintiff's lack of participation and only he could have changed the situation.  His inaction has frustrated the process and a sanction other than dismissal invites disregard of a fair and efficient administration of justice.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen M. Tafoya (Docket No. 131), filed July 10, 2008 is accepted.
2. Plaintiff's complaint is dismissed without prejudice for failure to prosecute.

DATED at Denver, Colorado, on January 28, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge